# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| STEVEN BRUMLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 2:13-cv-0293-JMS-MJD |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

The petition of Steven Brumley for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 12-11-0016. For the reasons explained in this Entry, Brumley's habeas petition must be **denied**.

## A.  Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges at least 24 hours before a hearing, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B.  The Disciplinary Proceeding**

On October 30, 2012, Internal Affairs Investigator D. Chaney wrote a Report of Conduct that charged Brumley with class A offenses 111/113, conspiring to traffic.[1] The conduct report states:

> On the above date and time information was received in the Internal Affairs office that offender Brumley, Steven #955612 was conspiring to traffic contraband into the facility via the visiting room. Upon further review of offender Brumley's archived telephone calls to a Ms. Kimberly Bobbit utilizing the phone number 317-717-1305 offender Brumley did relay appx. twenty four (24) money card numbers to Ms. Bobbit which she confirmed were valid for over $1500. Offender Brumley did attempt to disguise the card numbers in home and cell phone numbers he claimed were telephone numbers for friends and family.
>
> Offender Brumley is in violation of the ADP code 111/113 Conspiring to Traffic (attempting/aiding/abetting) and as a direct violation offender Brumley's visits will be restricted and Ms. Bobbit's telephone number will be blocked from further use.

An Initial Investigation Report dated October 30, 2012, stated the following:

> On 10-16-2012 information was received in the Internal Affairs office that implicated offender Brumley, Steven #955612 in trafficking contraband into the facility during his visits with Ms. Kimberly Bobbit. Upon further review of offender Brumley's archived phone calls dating back to September 2012 offender Brumley did relay several 14 digit money card numbers to Ms. Bobbit utilizing the telephone number 317-717-1305 and attempted to disguise the numbers as family and friends home and cell phone numbers. Offender Brumley did give Ms. Bobbit 24 confirmed money card number (sic) which valued over $1500 over a two month time period in the immediate days following his visits. Offender Brumley's visits were closely monitored but staff was unable to locate any contraband or identify any signs of trafficking.

On November 4, 2012, Brumley was notified of the charge and given a copy of the report of conduct and the screening report. He was notified of his rights, pled not guilty, and requested

---

[1] Offense 111 is defined in the Disciplinary Code of Adult Offenders as "attempting or conspiring or aiding and abetting with another to commit any Class A offense." Offense 113 is "engaging in trafficking (as defined in IC 35-44-3-9) with anyone who is not an offender residing in the same facility."

the appointment of a lay advocate. He did not request any witnesses. He requested as physical evidence the evidence from internal affairs.

A hearing was conducted on November 7, 2012. The hearing officer found Brumley guilty of the charge. Brumley's statement was "the body of CAB only fits a 220 charge, it doesn't constitute trafficking. Initial Inv. Report says the same thing." The hearing officer found Brumley guilty of a lesser charge, a class B offense 220, unauthorized financial transaction.[2] Brumley was sanctioned with a written reprimand, a 90-day deprivation of earned credit time, and a demotion from credit class 1 to credit class 2. In making his determination, the hearing officer considered staff reports, Brumley's statement, evidence from witnesses, and physical evidence including phone records.

Brumley appealed his conviction through the administrative process without success. He then filed a petition for writ of habeas corpus in this District, No. 2:13-cv-6-JMS-WGH. That habeas petition was dismissed as moot because the Department of Correction decided to vacate the decision so that give Brumley would receive sufficient notice of the 220 charge. The disciplinary case was remanded for rehearing.

The conduct report for ISF 12-11-0016 was re-issued on June 3, 2013. The charge was listed as class B offense 220. On June 3, 2013, Brumley was notified of the charge of class B offense 220, unauthorized financial transaction, and given a copy of the report of conduct and the screening report. He was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. He did not request any witnesses or physical evidence.

_____

[2] The Disciplinary Code for Adult Offenders defines offense 220 as follows:

Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction.

A hearing was conducted on June 5, 2013. The hearing officer found Brumley guilty of the class B offense 220, unauthorized financial transaction. In finding Brumley guilty, the hearing officer considered staff reports, Brumley's statement, and evidence from the first case.

Brumley was sanctioned with a written reprimand, 30-day telephone restriction, a 90-day deprivation of earned credit time, and a demotion from credit class 1 to credit class 2. The hearing officer imposed the sanctions because of the seriousness, frequency, and nature of the offense.

Brumley appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

## C.  Analysis

Brumley asserts the following claims: 1) the Department of Correction did not follow guidelines for a timely rehearing; 2) the hearing officer denied his request to view the "Green Dot" numbers; 3) he was denied an impartial decisionmaker; and 4) the hearing officer imposed a more severe sanction on rehearing.

Brumley's timeliness claim is that the seven month period between the date the conduct report was written and the date of the second hearing violated Adult Disciplinary Procedures. Relief is not available on this claim because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). Brumley was given sufficient notice of the new charge and had an opportunity to defend the charge. There is no due process violation under these circumstances.

Brumley's second claim is that he was denied his request to verify that the 13 pages of numbers that were used as evidence were in fact "Green Dot" numbers and not phone numbers. The hearing officer did not allow Brumley to see the list of numbers. Brumley argues that the printout of numbers was not sufficient to prove that they were actual Green Dot numbers. The evidence was submitted to the Court under seal as confidential. The evidence was properly treated as confidential and to the extent Brumley argues that the evidence was not sufficient, his claim fails. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted). The conduct report and other reports constituted sufficient evidence to find Brumley guilty.

Brumley's third claim challenges the impartiality of the hearing officer. More specifically, Brumley asserts that Robert Bugher was the individual who denied Brumley's appeal at the Final Reviewing Authority level after Mr. Bugher ordered the conduct board to re-hear the case. *Wolff* does require impartial decisionmakers at disciplinary hearings. *Wolff,* 418 U.S. at 571. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those

charges. *Piggie,* 342 F.3d at 667. The hearing officer here, however, had no disqualifying personal involvement in or knowledge of circumstances involved in the conduct reports. In addition, Mr. Bugher was not involved in the underlying offense or the investigation. Under these circumstances, there has been no showing of partiality or bias.

Brumley's final claim is that on rehearing, an additional sanction of a 30 day restriction on telephone privileges was added. This does not, however, implicate Brumley's due process rights. The loss of phone privileges does not affect the duration of Brumley's confinement or involve a liberty interest and therefore, the "custody" requirement is not satisfied. A sanction that does not subject an offender to "custody" cannot be challenged in an action for habeas corpus relief. *Virsnieks v. Smith,* 521 F.3d 707, 717-18 (7th Cir. 2008); *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004). When no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery,* 262 F.3d at 644.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Brumley's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  ___10/30/2013_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Steven Brumley
#955612
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN  46135

All electronically registered counsel